UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
1077 MADISON STREET, LLC,                    :
                                             :
                       Plaintiff,            :         **MEMORANDUM AND ORDER
                                             :         ADOPTING REPORT AND
                                             :         RECOMMENDATION**
         -against-                           :
                                             :         13-cv-7182 (DLI)(RLM)
                                             :
                                             :
COURTNEY SMITH, *pro se*, et al.             :
                                             :
                       Defendants.           :
                                             :
--------------------------------------------------------------x
**DORA L. IRIZARRY, U.S. District Judge:**

Invoking this Court's diversity jurisdiction, Plaintiff 1077 Madison Street, LLC ("Plaintiff") filed this action against *pro se* defendant and mortgagor Courtney Smith ("Smith" or "Defendant"), seeking to foreclose on a mortgage (the "Mortgage") encumbering real property located at 1142 Nostrand Avenue in Brooklyn, New York. Also named as defendants are certain entities and unnamed persons alleged to be lienholders, none of which has appeared in this action.[1] By notice of motion dated August 14, 2014, Plaintiff, claiming to be the holder of the Mortgage and related promissory note executed by Defendant (the "Note), moved for an order: (1) granting summary judgment in favor of Plaintiff on its foreclosure claim; (2) striking Defendant's answer, counterclaims, and affirmative defenses; and (3) dismissing the "John and/or Jane Doe" defendants from this action. (*See* Dkt. Entry No. 45.) Defendant opposed Plaintiff's summary judgment motion, and also cross-moved to dismiss the Complaint in its entirety. (*See* Dkt. Entry No. 41.) By Order dated February 27, 2015, this Court referred the competing motions to the Hon. Roanne L. Mann, U.S.M.J., for preparation of a Report &

---

[1] In addition to Smith, the Complaint names as defendants the City of New York Environmental Control Board, City of New York Department of Finance Parking Violations Bureau, Transit Adjudication Bureau, Capital One Bank, and John and/or Jane Doe Nos. 1-10. (*See* Complaint ("Compl."), Dkt. Entry No. 1.)

Recommendation.

On August 27, 2015, Magistrate Judge Mann issued the Report & Recommendation ("R & R"), which recommended that this Court: (1) deny Plaintiff's motion for summary judgment on its foreclosure claim; (2) grant Plaintiff's motion with respect to the dismissal of Defendant's counterclaims; (3) deny as moot Plaintiff's motion to dismiss the John and/or Jane Doe defendants; (4) deny Defendant's motion for sanctions; and (5) grant Defendant's cross-motion to dismiss the Complaint. (*See* R & R, Dkt. Entry No. 56.) Plaintiff subsequently objected to the R & R.[2] (*See* Plaintiff's Objections ("Pl. Obj."), Docket Entry No. 58.) No objections to the R & R were made by Defendant. For the reasons set forth below, the Court adopts the R & R in full, and this action is dismissed in its entirety.

## LEGAL STANDARD

Where a party objects to an R & R, a district judge must make a *de novo* determination with respect to those portions of the R & R to which the party objects. *See* Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Portions of the R & R to which the parties have not objected are reviewed for clear error. *See Orellana v. World Courier, Inc.*, 2010 WL 3861013, at *2 (E.D.N.Y. Sept. 28, 2010). The district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

In reviewing *pro se* pleadings, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less

---

[2] After Plaintiff's Objections to the R & R were filed on September 11, 2015, a second set of objections was filed, without the Court's permission, by an attorney claiming to be incoming counsel for Plaintiff. (*See* Dkt. Entry No. 59.) That attorney, Michael Falkowski, Esq., was not Plaintiff's attorney of record at the time and never filed a notice of appearance on behalf of Plaintiff, while Plaintiff's incumbent counsel never filed any notice of withdrawal. Accordingly, on September 21, 2015, this Court issued an Order striking the supplemental objections as improperly filed, although the Court noted that, in any event, those objections did not add any new arguments to the properly filed objections. (*See* Order dated September 21, 2015.)

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Accordingly, the Court interprets *pro se* pleadings "to raise the strongest arguments that [they] suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

## DISCUSSION[3]

### I. The R & R

Under New York law, which governs this diversity action, a plaintiff in a foreclosure action establishes a *prima facie* case to foreclose by producing evidence of: (1) the mortgage; (2) the note; and (3) the mortgagor's default. *See State of New York Mortg. Agency v. Lang*, 250 A.D.2d 595, 595 (2d Dep't 1998); *FGH Realty Credit Corp. v. VRD Realty Corp.*, 231 A.D.2d 489, 490-91 (2d Dep't 1996). Once the mortgage holder satisfies this *prima facie* burden, a presumptive right to collect the overdue amount arises, which ordinarily can be overcome only if the mortgagor offers evidentiary proof of an affirmative defense rebutting an element of the mortgage holder's claim. *See Wells Fargo Bank, N.A. v. Ullah*, 2015 WL 3735230, at *4 (S.D.N.Y. June 15, 2015); *Eastern Sav. Bank, FSB v. Bright*, 2012 WL 2674668, at *3 (E.D.N.Y. July 5, 2012); *Argent Mortg. Co. v. Mentesana*, 79 A.D.3d 1079, 1080-81 (2d Dep't 2010).

Here, although Plaintiff proffered evidence of the Mortgage, Note, and Defendant's default in support of its *prima facie* case, Defendant asserted several affirmative defenses to rebut Plaintiff's right to foreclose.[4] As relevant here, Defendant's motion challenged Plaintiff's standing to sue as the holder of the Mortgage and Note. (*See* Def.'s Mem. in Supp. of Mot. to

---

[3] The underlying facts of this action, with which the parties are presumed to be familiar, have been set forth in great detail in the very thorough and well reasoned R & R issued by Magistrate Judge Mann. Accordingly, only the facts necessary for the decision on the objections to the R & R are discussed herein.

[4] As this Court concurs with the magistrate judge that Plaintiff lacks standing to bring this action, and such finding is dispositive, this Court adopts the recommendation of the magistrate judge and declines to address Defendant's remaining affirmative defenses. (*See* R & R at 16 n.11.)

3

Dismiss ("Def. Mem."), at 4-10, Dkt. Entry No. 42.) Therefore, the burden to demonstrate standing rested with Plaintiff, which, as an assignee, was required to demonstrate its standing to foreclose either through: (1) a valid chain of written assignments as to the Mortgage and the Note; or (2) physical possession of the Note, bearing on its face or through a firmly affixed "allonge" a special indorsement to Plaintiff, or an indorsement in blank. (*See* R & R at 11-16.)

Magistrate Judge Mann determined that Plaintiff failed to demonstrate its status as the lawful holder of the Note through either method, and, therefore, could not establish its standing in this action. (*See Id.*) First, although Plaintiff produced an unbroken chain of assignments as to the Mortgage, there were two gaps in the chain where Plaintiff provided no documentary evidence establishing the assignment of the Note along with the Mortgage. (*See Id.* at 12.) Second, although Plaintiff claimed physical possession of the Note and provided copies thereof, none of those copies evidenced the necessary indorsement. (*See Id.* at 16.) Accordingly, the magistrate judge recommended that this Court deny Plaintiff's motion for summary judgment on its foreclosure claim. Based on Plaintiff's failure to establish standing, the magistrate judge further recommended that this Court grant Defendant's motion to dismiss the Complaint. In reaching that conclusion, she determined that it first would be appropriate to convert Defendant's motion to one for summary judgment, as both parties relied on extrinsic materials in connection with their respective motions, in essence treating them as competing motions for summary judgment. The magistrate judge nonetheless carefully explained that, whether Defendant's motion was viewed as a motion to dismiss or, instead, as one for summary judgment, the same result would obtain—dismissal of this action for lack of standing. (*See Id.* at 17-19.)

**II.     Analysis**

Plaintiff's Objections challenge the R & R on three grounds: (1) Plaintiff has submitted in

connection with its Objections another copy of the Note and two additional allonges, which, if considered by this Court, purportedly would address the evidentiary deficiencies noted in the R & R, and demonstrate that Plaintiff has standing; (2) irrespective of the missing indorsement on the Note, Plaintiff's physical possession of the Note was sufficient by itself to establish standing; (3) given the magistrate judge's decision to convert Defendant's motion to dismiss to a summary judgment motion, Plaintiff was entitled to an opportunity to conduct further discovery and submit further evidence in connection with that motion. This Court concludes that each of Plaintiff's objections is unavailing.

### A. *This Court Will Not Consider Evidence Not Presented To The Magistrate Judge*

A magistrate judge's preparation of a report and recommendation is not intended as a "dress rehearsal" for arguments which the parties then may ply before the district court with the benefit of additional evidence. *See Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009). While a district court, upon receipt of a report and recommendation, is permitted to "receive further evidence or recommit the matter to the magistrate judge with instructions," 28 U.S.C. § 636(b), "[c]onsiderations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration," *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998).

Thus, the Second Circuit has "upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's *de novo* review." *Id.* (citing *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994), and *Pan Am. World Airways, Inc. v. Int'l Brotherhood of Teamsters*, 894 F.2d 36, 40 n.3 (2d Cir. 1990)). It follows from these principles that, in general, courts "do not consider new evidence raised in objections to a magistrate judge's report and recommendation absent a compelling justification

for failure to present such evidence to the magistrate judge." *Azkour v. Little Rest Twelve, Inc.*, 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012) (quoting *Tavares v. City of New York*, 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (internal quotation marks omitted)); *see also Chiari v. New York Racing Ass'n Inc.*, 972 F. Supp. 2d 346, 351-52 (E.D.N.Y. 2013); *Feehan v. Feehan*, 2010 WL 3734079, at *2 (S.D.N.Y. Sept. 22, 2010).

These principles are particularly salient in the foreclosure context, where the prejudice engendered by wrongful foreclosure or prolonged foreclosure proceedings falls disproportionately on the mortgagor. Absent compelling justification, a mortgage holder should not be permitted repeated opportunities to present evidence substantiating its right to foreclose that should have been produced in the first instance. Here, New York law is clear as to what evidence is required to demonstrate standing, and Plaintiff had an adequate opportunity before the magistrate judge to submit documentation in satisfaction of that standard. Plaintiff did not do so, and offers no compelling justification why not.

With respect to the missing indorsement on the Note, which Plaintiff claims is evident on a copy of the Note it belatedly submits in connection with its Objections, Plaintiff's counsel alleges only an inadvertent oversight, hardly a compelling justification. *See Chiari*, 972 F. Supp. 2d at 351 (fact that plaintiff "forgot" to include documentary evidence in its opposition papers before the magistrate judge was not a "compelling justification" to warrant district court's consideration of that evidence). Specifically, counsel alleges that the indorsement was inadvertently omitted from the copies of the Note submitted for consideration by the magistrate judge due to a photocopying error. (*See* Pl. Obj. at ¶ 6 n.2.) However, in similar contexts, courts in this Circuit have held that a party generally is not excused from the consequences of errors attributable to its counsel. *See Azkour*, 2012 WL 1026730, at *3 (declining to consider

additional evidence not presented to magistrate judge, where incoming attorney failed to correct prior attorney's deficient submission of evidence on summary judgment motion); *see also Counter Terrorist Grp. U.S. v. N.Y. Magazine*, 374 F. App'x 233, 235 (2d Cir. 2010) (holding that attorney error is not "good cause" for an extension under Rule 4(m)). The same precept holds true here, and, therefore, this Court declines to consider the copy of the Note Plaintiff submits in connection with its Objections.

Nor will this Court consider the two allonges Plaintiff submits for the first time in connection with its Objections, which purportedly resolve the two gaps in the chain of assignments as to the Note that the R & R astutely identified. Again, Plaintiff does not articulate any compelling justification for its failure to provide that evidence to the magistrate judge. Plaintiff's counsel alleges only that those allonges were not submitted previously because Plaintiff, based on its understanding of "well-established case law," was relying on its physical possession of the Note to establish standing. (*See* Pl. Obj. at ¶ 5 n.1.); *Cf. Hynes*, 143 F.3d at 656 (district court did not err in considering supplemental evidence where party plausibly believed that plaintiff's claims were governed by one legal theory, and, thus, did not submit evidence relating to separate legal theory that formed the basis of magistrate judge's recommendation.)

However, Plaintiff's purported justification is belied by its own briefing in connection with its summary judgment motion, which reflects that Plaintiff was relying either on a theory of physical possession *or* written assignment to establish standing: "Because *each and every assignment in the chain* is annexed to the Complaint and the plaintiff has physical possession of the Note, there can be no dispute that Plaintiff has standing and these affirmative defenses are without basis." (Pl.'s Mem. in Supp. of Mot. for Summ. Judgment ("Pl. Mem."), at 5, Dkt. Entry

7

No. 48; *see also* Reply Aff. of Leonard S. Reiss ("Reiss Aff.") ¶ 7, Dkt. Entry No. 50; R & R at 11-12.) As such, Plaintiff's oversight in not submitting the two allonges in question for consideration by the magistrate judge is not a compelling justification for this Court to consider those allonges now. Furthermore, even if, as Plaintiff contends, its oversight stemmed from a belief that it had demonstrated standing through its physical possession of the Note, that simply would mean that Plaintiff's failure to submit the necessary indorsements to the Note was all the more inexcusable. Accordingly, the Court declines to consider the allonges submitted by Plaintiff in connection with its Objections.

### B. *Plaintiff's "Physical Possession" Argument Was Properly Rejected*

Plaintiff's Objections can be read to suggest that, under New York law, Plaintiff's physical possession of the Note, by itself, was sufficient to demonstrate its standing to foreclose. (*See* Pl. Obj. ¶ 6.) That contention was raised by Plaintiff before the magistrate judge, thoroughly addressed in the R & R, and rejected by Magistrate Judge Mann as contrary to the prevailing law in New York. (*See* Pl. Mem. at 5-6; Reiss Aff. ¶ 7; R & R at 13-16.) Accordingly, with respect to Plaintiff's objection, the Court reviews the R & R strictly for clear error. *See Jones v. Smith*, 2012 WL 1592190, at *1 (S.D.N.Y. May 7, 2012) ("To the extent that the objecting party . . . simply reiterates the original arguments, the Court will review the Report and Recommendation strictly for clear error."); *Soley v. Wasserman*, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011); *Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002).

The magistrate judge determined that New York law requires more than just physical possession of the note in order for an assignee to establish standing to foreclose. Thus, to demonstrate a valid transfer and lawful status to collect as a holder, a plaintiff also must show legally sufficient indorsement of the note. (*See* R & R at 13-16.) This Court finds no clear error

in the magistrate judge's interpretation of the relevant law, or application of that law to the facts here.

C. *Plaintiff Was Not Entitled To Further Discovery or Additional Submissions*

In recommending dismissal of this action for lack of standing, the magistrate judge treated Defendant's motion to dismiss as one for summary judgment. In light of the conversion, Plaintiff objects to the R & R on the ground that it should have been permitted a "reasonable opportunity" to conduct further discovery and submit further evidence in response to Defendant's motion. (Pl. Obj. ¶ 7.) Plaintiff's counsel alleges that, had Plaintiff been advised that Defendant's motion would be viewed as one for summary judgment, Plaintiff would have submitted additional evidence at that time, demonstrating that it has standing. (Pl. Obj. ¶ 3.)

As an initial matter, "[t]he standards that apply to a motion to dismiss for lack of standing are similar to the standards applicable to a motion for summary judgment." *Picture Patents, LLC v. Aeropostale, Inc.*, 788 F. Supp. 2d 127, 134 (S.D.N.Y. 2011). Thus, the magistrate judge explained in the R & R that she would have recommended dismissal of this action for lack of standing regardless of whether Defendant's motion was viewed as one to dismiss or, instead, as one for summary judgment. (*See* R & R at 18.) In other words, while the magistrate judge thought it appropriate to convert Defendant's motion, she was not necessarily *required* to do so because the extrinsic materials compelling dismissal all were attached to the Complaint, integral to it, or incorporated by reference therein. (*See, e.g.*, Compl. ¶¶ 17-25 with Exs. B, C, and D); *Arista Records LLC v. Lime Grp. LLC*, 2011 WL 1793310, at *1 (S.D.N.Y. Mar. 14, 2011) ("[A] court may, without converting the motion into one for summary judgment, consider documents that are attached to, incorporated by reference in, or integral to the complaint.") (citation omitted); *see also Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 47 ("[A] complaint is

9

deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.")

Furthermore, in evaluating whether there is any merit to Plaintiff's objection, the "essential inquiry is whether [Plaintiff] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonably opportunity to meet facts outside the pleadings." *In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985); *see also Villante v. Dep't of Corrections of City of New York*, 786 F.2d 516, 521 (2d Cir. 1986). As the Second Circuit has explained, "[a] party cannot complain of a lack of reasonable opportunity to present all material relevant to a motion for summary judgment when both parties have filed exhibits, affidavits, counter-affidavits, depositions, etc. in support of and in opposition to a motion to dismiss." *In re G . & A. Books*, 770 F. 2d at 295 (citation omitted).

Here, both Plaintiff and Defendant relied on extrinsic materials in connection with their respective motions. Moreover, in requesting that the magistrate judge treat Plaintiff's own summary judgment papers as an opposition to Defendant's motion, Plaintiff itself regarded Defendant's motion as one for summary judgment. (*See* Reiss Aff. ¶ 1 n.1.) As such, Plaintiff cannot reasonably maintain that it was unfairly surprised by the conversion of Defendant's motion. *Access 4 All, Inc. v. Trump Int'l Hotel and Tower Condominium*, 458 F. Supp. 2d 160, 165 (S.D.N.Y. 2006) ("[Where] both parties treat the motion primarily as one for summary judgment . . . . there is no risk that [the plaintiff] will be unfairly surprised by the conversion of [the] motion into a motion for summary judgment") (citing *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 592 (2d Cir. 1993)).

Nor can Plaintiff legitimately maintain that it did not have a reasonable opportunity to present all material pertinent to the motion. Defendant's motion papers expressly raised lack of standing as a basis for dismissal. In fact, citing relevant provisions of the New York U.C.C., Defendant specifically identified the missing indorsement on the Note as a fact compelling dismissal. (*See* Def. Mem. at 9.) Plaintiff could have responded at that point with additional arguments and evidence, either in opposition to Defendant's motion or in a reply on its own motion for summary judgment. Plaintiff did not. Instead, Plaintiff asked the magistrate judge to treat its summary judgment papers as an opposition to Defendant's motion (*see* Reiss Aff. ¶ 1 n.1.), and represented that its submissions to date contained all the evidence necessary to establish standing. (*See* Reiss Aff. ¶ 7.) Accordingly, there is no merit to Plaintiff's objection that it was deprived of a reasonable opportunity to respond to Defendant's motion with all the evidence it considered pertinent.

Finally, Plaintiff's objection also is meritless to the extent it suggests that the magistrate judge, having determined that Plaintiff lacked standing, merely should have recommended denying Plaintiff's summary judgment motion, rather than recommending denial of that motion and also dismissal of this action. Defendant made out a *prima facie* case that this action should be dismissed for lack of standing, which, on the record before this Court, Plaintiff has not overcome with any documentation to prevent dismissal. Therefore, dismissal is proper. *See HSBC Bank USA, N.A. v. Roumiantseva*, 130 A.D.3d 983, 984-85 (2d Dep't 2015); *U.S. Bank Nat'l Ass'n v. Bressler*, 33 Misc.3d 1231(A), at *3 (N.Y. Sup. Ct. Kings Cnty. 2011).

### D. *There Is No Clear Error in the Remaining Portions of the R & R*

Upon due consideration of the magistrate judge's thorough and well reasoned R & R, this Court finds no clear error in the remaining portions of that R & R that are not the subject of any

objection.

## CONCLUSION

For the foregoing reasons, the Court hereby adopts the R & R in full. Accordingly, Plaintiff's motion for summary judgment is granted to the extent that Defendant's counterclaims are dismissed, but denied with respect to Plaintiff's foreclosure claim, and denied as moot with respect to Plaintiff's request to dismiss the John and/or Jane Doe defendants. Defendant's motion for sanctions is denied. Finally, Defendant's cross-motion for dismissal is granted, and this action is dismissed in its entirety for lack of standing.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2015

_____/s/_____
DORA L. IRIZARRY
United States District Judge